UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON JACKSON,

        Petitioner,

                                              Case Number 07-11808-BC

v.                                            Honorable Thomas L. Ludington

BLAINE LAFLER,

        Respondent.
_____/

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR EVIDENTIARY HEARING, MOTION FOR RELEASE ON BOND, AND MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on three motions filed by the petitioner, Aaron Jackson. The first asks the Court to conduct an evidentiary hearing. The second requests that he be released on bond. Finally, the third seeks appointment of counsel. These motions presently are without basis, and therefore the Court will deny them without prejudice.

Section 2254(e)(2), Title 28 of the United States Code prescribes the conditions under which this Court may conduct an evidentiary hearing in a habeas proceeding. It provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The petitioner alleges that he was denied effective assistance by both his trial and appellate counsel

during the course of his trial and at sentencing. Specifically, he asserts that his appellate counsel was made aware of these claims, but failed to raise them on appeal. As a result, the facts do not appear in the record.

The Court is mindful that the petitioner's allegations may give rise to the need for an evidentiary hearing. However, the state has not yet responded to the application for a writ of habeas corpus and the deadline for answering the petition is November 9, 2007. Until the full record is before the Court, the Court has no ability to weigh the relative merits of the motion. The relief requested, therefore, is premature, and the Court will revisit the issue, if necessary, when the record is complete.

Similarly, the petitioner's motion for release on bond is premature. Although it is "within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending decision on his application for a writ of habeas corpus," *Nash v. Eberlin*, 437 F.3d 519, 526 n. 10 (6th Cir. 2006) (citations and quotations omitted), the Court must have "benefit of the full trial record, *ibid.*, before making such a determination. Because the state has not yet responded and the trial record has not yet been filed with the Court, relief is not available at this juncture.

Finally, the petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Mich. Dep't of Corr.,* 65 F.3d 489, 492 (6th Cir. 1995). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965)); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) ("In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present

his claims, along with any other relevant factors."). In this case, the interests of justice do not require appointment of counsel at this time. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). If, however, the Court determines that an evidentiary hearing or discovery are necessary, the Court may revisit the petitioner's motion.

Accordingly, it is **ORDERED** that the petitioner's motion for an evidentiary hearing [dkt # 2], motion for release on bond [dkt # 3], and motion for appointment of counsel [dkt # 4] are **DENIED WITHOUT PREJUDICE**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: June 25, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 25, 2007.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---