UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AARON JACKSON,

    Petitioner,

v.

                        Case Number 1:07-CV-11808
                        Honorable Thomas L. Ludington
                        United States District Judge

BLAINE LAFLER,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE
RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT**

On July 29, 2010, this Court denied Petitioner Aaron Jackson's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *See Jackson v. Lafler*, No. 08-CV-11808-BC (E.D. Mich. July 29, 2010). The Court also denied Petitioner a certificate of appealability and leave to appeal in forma pauperis. The United States Court of Appeals for the Sixth Circuit later denied Petitioner a certificate of appealability and dismissed the appeal. *Jackson v. Lafler*, U.S.C.A. No. 10-2081 (6th Cir. June 1, 2011). And the United States Supreme Court denied Petitioner's request for a writ of certiorari. *Jackson v. Lafler*, 132 S. Ct. 424 (2011). Returning to this Court, Petitioner has filed a Rule 60(b) motion for relief from judgment. For the reasons detailed below, the motion will be denied.

**I**

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition is classified as a "second or successive habeas petition." *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Pursuant to § 2244(b), before filing a petition authorization from the Court of Appeals is required. A Rule 60(b) motion raises "a 'claim' if it attacks the federal court's previous resolution of a claim on

the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532.  A habeas court's determination on the merits refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n.4.

A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at 532 n.4.  A Rule 60(b) motion that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit should simply be denied, of course, as would any other motion for relief from judgment that lacks merit.  *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004).

**II**

Here, Petitioner claims that this Court failed to address crucial parts of his claims. Petitioner's allegation that this Court failed to consider one or more of his claims would constitute a "true" 60(b) claim that attacks the integrity of the habeas proceedings and would not be considered a successive habeas petition.  *See Spitznas v. Boone,* 464 F. 3d 1213, 1225 (10th Cir. 2006).

In particular, Petitioner contends that this Court failed to address several ineffective assistance of counsel claims and his *Miranda* claim.  Petitioner's contention lacks merit.

With respect to Petitioner's claim that trial counsel was ineffective for failing to move to have Petitioner sentenced under the 2002 amendments to the drug statutes, this Court addressed and rejected this claim in the original opinion denying habeas relief.

With respect to Petitioner's remaining ineffective assistance of counsel claims and the *Miranda* claim, this Court previously concluded that these claims were procedurally defaulted. Specifically, the state court trial judge denied Petitioner relief because he had failed to show cause and prejudice, as required by Michigan Court Rule 6.508(D)(3), for not raising these claims on his direct appeal. Rather, they were raised for the first time in Petitioner's post-conviction motion for relief from judgment. This Court further observed that Petitioner had not established either cause or prejudice to excuse the default, nor did he present new reliable evidence of his actual innocence.

Because Petitioner is merely using the Rule 60(b) motion, the motion to relitigate the merits of his claims, the motion will be denied.

### III

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336–37. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional

claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 1 1(a), 28 U.S.C. foll. § 2254.

Here, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Petitioner will also not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**IV**

Accordingly, it is **ORDERED** that Petitioner's Rule 60(b) motion for relief from judgment (ECF No. 30) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to appeal in forma pauperis is DENIED.

                                                    s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

Dated: February 6, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Aaron Jackson, #203381 at Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811 by first class U.S. mail on February 6, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS